UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| STERLING R. BENNINGFIELD, | ) |
| Petitioner, | ) Civil Action No. 15-CV-115-HRW |
| v. | ) |
| JODIE SNYDER-NORRIS, *Warden*,[1] | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |

\*\*\*\*　\*\*\*\*　\*\*\*\*　\*\*\*\*

Petitioner Sterling R. Benningfield is an inmate confined by the BOP in the Federal Correctional Institution ("FCI")-Ashland, located in Ashland, Kentucky. Proceeding without an attorney, Benningfield has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his BOP security classification. [D. E. No. 1][2] Benningfield asks this Court to order the BOP to transfer him to a lower security federal prison. Benningfield has paid the $5.00 filing fee. [*Id.*]

---

[1] Benningfield has named the Attorney General of the United States of America and the Bureau of Prisons ("BOP") as the Respondents to this action, but the only proper respondent to a petition for a writ of habeas corpus is the individual having immediate custody of the person detained, typically the warden of the facility where the petitioner is confined. 28 U.S.C. §2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). As Jodie L. Snyder-Norris is the Warden of FCI-Ashland and the person who has immediate custody of Benningfield, the Clerk of the Court will be instructed to terminate the United States and the BOP as the respondents on the CM/ECF cover sheet, and to designate Jodie L. Snyder-Norris, the Warden of FCI-Ashland, as the sole respondent to this proceeding.

[2] Benningfield filed his § 2241 petition on August 3, 2015, in the United States District Court for the District of Columbia. *See Sterling R. Benningfield v. Attorney General of the United States of America*, et al., No. 15-1254 (RDM) (D.D.C. 2015). On October 27, 2915, the District of Columbia transferred Benningfield's § 2241 petition to this Court, citing "immediate-custodian rule" applicable to § 2241 habeas corpus petitions, and the fact that Benningfield's custodian was located in this judicial district. [D. E. No. 2] The transfer of the proceeding to this Court was not effectuated until December 14, 2015. [D. E. No. 5]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Benningfield's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Benningfield's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny relief because Benningfield may not assert his claims in a habeas corpus proceeding under § 2241.

## CLAIMS ASSERTED IN THE § 2241 PETITION

On October 14, 2014, the district court in San Antonio, Texas, sentenced Benningfield to serve a 41-month prison term stemming from his conviction for Attempting to Evade or Defeat Tax, in violation of 26 U.S.C. § 7201. *United States v. Sterling R. Benningfield, a/k/a Sterling Randall Benningfield*, No. 05-CR-101-FB (W.D. Tex. 2005) [D. E. No. 40, therein]

In his § 2241 petition, Benningfield alleges that the BOP has assigned him an incorrect security classification which to has resulted in his confinement in a high security prison, instead of a lower security prison camp where other federal prisoners similarly situated to him have been placed. Benningfield alleges that is being confined in a facility which houses "… violent inmates and with worse living conditions than a facility where, according to their [BOP] policy, I should be." [D. E. No. 1, p. 3]

Benningfield alleges that his current BOP security classification violates the provisions of BOP Program Statement 5100.08, *Inmate Security Designation and Custody Classification*; that he has no detainers lodged against him that justify his higher security classification and confinement at FCI-Ashland;[3] that his higher security classification has rendered him ineligible for participation in the Residential Drug Abuse Program (RDAP);[4] that between June 2015 and July 2015, his outgoing U.S. mail was unlawfully held at FCI-Ashland; and that his placement in FCI-Ashland violates his right to equal protection of the law, in violation of the Fifth Amendment of the U.S. Constitution. Benningfield seeks an order directing the BOP to transfer him to a lower security facility, such as the FCI-Ashland satellite camp, "commensurate with their policy thus allowing me my constitutional right." [*Id.*, p. 5]

## DISCUSSION

Claims challenging the manner in which a prisoner's sentence is being executed, such as the computation of sentence credits or parole eligibility, are issues which fall under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999) Benningfield asserts his challenge to his BOP custody classification in a petition for writ of habeas corpus under 28 US.C. § 2241, but it is well established that challenges to a prisoner's classification or place of

---

[3] Benningfield submitted documentation showing that he began the BOP's administrative remedy process. On May 13, 2015, FCI-Ashland Warden Jodie L. Snyder-Norris denied Benningfield's Request for an Administrative Remedy (BP-9), stating that although no formal detainer had been lodged against Benningfield, several pending charges were listed in his PSI (Pre-Sentence Investigation Report) with unknown dispositions, and that documentation from the jurisdictions involved was needed "...to verify the intent of the charging agency. The responsibility of obtaining such documentation falls on the inmate." [D. E. No. 1, p. 9] Warden Snyder-Norris also rejected Benningfield's claim that he was unsafe at FCI-Ashland, noting that his file contained no reports that he had received threats from either inmates or the prison staff. [*Id.*] On June 8, 2015, the BOP's Mid-Atlantic Regional Office affirmed the Warden's denial of Benningfield's remedy request, explaining that at that time, Benningfield did not have a "Custody Classification Form," but that he would be receiving one six months following his Initial Review after his first Program Review. [*Id.*, p. 11]

[4] The RDAP is a program through which qualified federal inmates receive various incentives for participating in drug abuse treatment programs. 28 C.F.R. § 550.57. The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. § 3621(e)(2)(B).

confinement, such as the challenges Benningfield advances in this proceeding, are "conditions of confinement" claims which may only be asserted in a civil rights action under 28 U.S.C. § 1331. *See Hunter v. Mulvaney*, No. 2:13-CV-84, 2013 WL 4499036, at *2 (W.D. Mich. Aug. 20, 2013) (finding that prisoner's complaints about his security threat designation and its negative consequences, including a higher security classification and reduced privileges, were claims challenging the conditions of his confinement, not habeas claims seeking a speedier release from custody); *Bateman v. USP-Big Sandy*, No. 7:10–00146–KKC, 2011 WL 2183553, at *1 (E.D. Ky. June 6, 2011) (petitioner could not seek relief from the conditions of BOP confinement in a § 2241 petition and was instead required to file a civil rights action under 28 U.S.C. § 1331 ); *Simmons v. Curtin*, No. 10-CV-4751, 2010 WL 5279914, at *1 (E.D. Mich. Dec. 17, 2010) ("Simmons's challenges to his security classification and resulting transfer to a different facility, however, are not attacks upon the execution of his sentence, and therefore, are not cognizable under § 2241."); *McCray v. Rios*, No. 08-206-ART, 2009 WL 103602, at *4 (E.D. Ky. Jan. 14, 2009) (same).

Habeas corpus relief is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints concerning conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz*, 476 F. Supp. 2d at 718 (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). Here, Benningfield not only challenges his

4

BOP security classification, but also alleges that the FCI-Ashland staff has improperly held his outgoing mail, a claim which clearly qualifies as yet another challenge to the conditions of his confinement. If Benningfield intends to challenge his current custody classification at FCI-Ashland and pursue his mail-tampering claims, he must file a civil rights action under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The filing fee for such an action is $400.00, although Benningfield may seek *in forma pauperis* status and ask to pay that fee in installments.[5] The dismissal of this action is without prejudice to Benningfield filing a *Bivens* civil rights action asserting his condition of confinement claims.

Benningfield is advised that even if he files a *Bivens* civil rights action, his challenge to his security classification could likely be found to suffer from several substantive defects. First, to the extent that Benningfield alleges that the BOP ignored its own program statement and other internal policies with respect to his security classification, it is unlikely that he states grounds entitling him to relief. The requirements of procedural due process are defined by the United States Constitution, not by an agency's internal regulations or guidelines. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Thus, an agency's alleged failure to adhere to its own policies or guidelines does not state a due process claim. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, (1985); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004); *Slater v. Holland*, No. 0:11-CV-86-HRW, 2012 WL 1655985, at *5 (E.D. Ky. May 10, 2012). Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates...." *Sandin*, 515 U.S. at 481-82; *see also Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (holding that noncompliance with timing

---

[5] If Benningfield is granted pauper status, the $50.00 administrative fee will be waived.

provisions of 28 C.F.R. § 541.15(a) and (b) did not violate inmate's due process rights because those prison regulations do not "shield inmates from an 'atypical or significant hardship ... in relation to the ordinary incidents of prison life'" and thus do not give rise to independent liberty interest protected by due process) (quoting *Sandin*, 515 U.S. at 484)).

Second, the RDAP statute, 18 U.S.C. § 3621, requires the BOP to provide a residential drug abuse treatment program, but it defines neither the contours of that program nor the requirements for prisoner eligibility, and leaves to the BOP's discretion the decision of whether to grant early release. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001). Thus, even where a prisoner successfully completes the RDAP, the BOP retains the discretion to deny early release. *See McLean v. Crabtree*, 173 F.3d 1176, 1182 (9th Cir. 1999); *Orr v. Hawk*, 156 F.3d 651, 653–54 (6th Cir. 1998).

Third, in her denial of Benningfield's Request for an Administrative Remedy, Warden Snyder-Norris noted that while Benningfield was being investigated for tax evasion, he fled to Mexico and remained there as a fugitive for nine years to avoid prosecution; that when he returned to the United States, he resided with his sister until he was arrested; and that at sentencing, he received a two-level enhancement for obstruction of justice. [*Id.*] These considerations could adversely affect a federal prisoner's security classification. Warden Snyder-Norris also rejected Benningfield's claim that he was unsafe at FCI-Ashland because his file contained no reports that he had received threats from either inmates or the prison staff. [*Id.*].

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of the Court shall, on the CM/ECF cover sheet, **TERMINATE** the United States of America and the Federal Bureau of Prisons as the Respondents to this action, and shall **DESIGNATE** Jodie L. Snyder-Norris, Warden of the FCI-Ashland in Ashland, Kentucky, as the sole Respondent to this proceeding.

2. Petitioner Sterling R. Benningfield's 28 U.S.C. § 2241 petition for writ of habeas corpus [D. E. No. 1] is **DENIED WITHOUT PREJUDICE** to his right to file a civil rights action under 28 US.C. § 1331, asserting his condition of confinement claims.

3. The Court will enter an appropriate judgment.

4. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This March 29, 2016.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge